[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 10, 2005
THOMAS  K. KAHN
CLERK

_____

No. 04-12825
Non-Argument Calendar

_____

D. C. Docket No. 03-00258-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PAUL ELLIOTT HAMPTON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(May 10, 2005)**

Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Paul Elliott Hampton, Jr., appeals his 46-month sentence for possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). No reversible error has been shown; we affirm.

Defendant raises for the first time on appeal a single issue: whether the district court committed reversible constitutional error under Blakely v. Washington, 124 S.Ct. 2531 (2004), when it imposed a two-level enhancement under U.S.S.G. § 2A2.2 based on judicially determined facts that were neither charged in the indictment nor admitted by Defendant during the Fed.R.Crim.P. 11 plea proceedings.[1] Blakely concluded that a state mandatory guideline system violated a defendant's Sixth Amendment constitutional rights when a sentence enhancement was imposed based on facts found by a judge that were not admitted by the defendant. Id. at 2534-38. And in Booker v. United States, 125 S.Ct. 738 (2005), the Supreme Court concluded that Blakely applied to the Federal Sentencing Guidelines. Booker, 125 S.Ct. at 749.

---

[1] Hampton filed written objections to his PSI and disputed again at sentencing the facts that supported the cross-reference of the gun possession offense to the guideline for aggravated assault, U.S.S.G. § 2A2.2; he concedes that did not raise in the district court the constitutional issue now raised on appeal.

2

Because Defendant raises this issue for the first time on appeal, we review his claim only for plain error. See United States v. Cotton, 122 S.Ct. 1781, 1785 (2002); United States v. Duncan, 400 F.3d 1297, 1301 (11th Cir. 2005). On plain error review, a defendant must show "error" that is "plain" and that "affect[s] substantial rights." United States v. Olano, 113 S.Ct. 1770, 1776 (1993). It is only after these conditions have been satisfied that an appellate court has *discretion* to notice a forfeited error. Id. An appellate court *may* remedy error that is plain and affects substantial rights only if "the error 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" Johnson v. United States, 117 S.Ct. 1544, 1549 (1997) (quoting Olano, 113 S.Ct. at 1776).

In United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 2005) petition for cert. filed (U.S. Feb. 23, 2005) (No. 04-1148), we recognized that an enhancement imposed under a mandatory guidelines system based on facts found by the judge that went beyond those admitted by the defendant or found by the jury constituted Booker error. Id. at 1298-99. And, because of Booker, we concluded that that error is now plain. So Defendant has satisfied the first two requirements for plain error relief. Id. at 1299.

Defendant fails, however, to satisfy the third requirement: that the error "affected substantial rights." As we explained in Rodriguez, the Booker error is

3

not the use of extra-verdict enhancements; it is "the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge." Id. at 1301. To show the prejudice required for plain error relief, a claimant must show a "reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion." Id.

Defendant has not met his burden of showing that the Booker error in his case affected the outcome of his sentencing. See id. at 1301, 1306. Defendant proffers nothing to show that a reasonable probability exists that the sentencing judge would have imposed a more lenient sentence had the guidelines been applied in an advisory and non-binding fashion. See id. at 1301.

AFFIRMED.